UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARNITAS URUAPAN, INC.,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 1:26-cv-04733-CDB<br><br>ORDER ON JOINT MOTION STAYING ACTION<br><br>(Doc. 8)<br><br>ORDER VACATING OCTOBER 16, 2026, SCHEDULING CONFERENCE<br><br>**<u>90-DAY DEADLINE</u>** |

On June 18, 2026, Plaintiff Carnitas Uruapan, Inc. ("Plaintiff") initiated this action with the filing of a complaint against Defendant United States of America ("Defendant"). (Doc. 1).

Pending before the Court is the parties' joint motion for order staying all proceedings in the action. (Doc. 8). In their joint motion, Defendant represents it agrees that Plaintiff overpaid its 2019 federal corporate income tax and the parties request that the Court stay proceedings pending the finalization of a concession by the government. *Id.* at 1.[1]

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel,

[1] The parties represent that the IRS currently is processing the overpayment, but it is unknown when the process will be completed.

and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

As the parties request a limited stay pending resolution of their disputes and do not identify any harm that could result from such a temporary stay of proceedings, the Court finds staying proceedings. *See Lockyer v. Mirant Corp*., 398 F.3d 1098, 1109-11 (9th Cir. 2005) (citing *Landis* and *CMAX* in reiterating that district courts retain discretion to control their dockets through limited stays that provide for efficient determination of their pending cases).

Further, the Court will order the parties to file a joint report every 90 days addressing the status of the overpayment processing and the parties' respective positions regarding further litigation and/or scheduling of the case.

**<u>Conclusion and Order</u>**

Good cause appearing, it is HEREBY ORDERED:

1. This action is STAYED pending the filing of a notice of dismissal, or further order of the Court. No pleadings or motions may be filed in this case during the stay. The parties shall not engage in discovery unless through mutual agreement.
2. The parties SHALL FILE a joint report informing the Court of the status of the overpayment and addressing the parties' respective positions regarding further litigation and/or scheduling of the case **within 90 days** of the date of this order and **every 90 days** thereafter; and

///

///

3. The initial scheduling conference set for October 16, 2026 (Doc. 7) is VACATED, to be reset as appropriate following any lift of the stay of these proceedings.

IT IS SO ORDERED.

Dated: **September 21, 2026**

UNITED STATES MAGISTRATE JUDGE